LEVI ELSOHN, Appellant, v. GEORGE A. ARMSTRONG, Respondent, Impleaded with CLIFFORD H. WILMATH, Defendant.

Fourth Department, November 12, 1924.

**Bills and notes — action to recover upon two promissory notes — defense that plaintiff is not holder in due course — verdict in favor of defendants contrary to evidence — new trial granted.**

The verdict in an action by an indorsee of two promissory notes against the maker and first holder, in favor of the defendants, is contrary to the evidence, since it appears that the defense interposed was that the plaintiff is not a holder in due course, having taken the notes after maturity; that the maker testified to the delivery of two renewal notes and the subsequent redelivery to him by the original holder of the original notes and their destruction by him; that his testimony was corroborated by one witness; and that the plaintiff put the original notes in evidence and also proved by canceled checks the amount he paid therefor.

Since the testimony of the original holder may be available now, a new trial is granted.

APPEAL by the plaintiff, Levi Elsohn, from a judgment of the Supreme Court in favor of the defendant George A. Armstrong, entered in the office of the clerk of the county of Onondaga on the 16th day of November, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying the plaintiff's motion for a new trial made upon the minutes.

*Cole & Rosenberg* [*Frank Hopkins* of counsel], for the appellant.

*Lee, Dowling & Brennan* [*James J. Barrett* of counsel], for the respondent.

**43**

Per Curiam:

We think the verdict was contrary to the evidence and against the weight of the evidence.

Defendant Armstrong, residing in Utica, under date of September 29, 1921, made and delivered to one Wilmath, residing in Syracuse, two notes, each for $1,500, payable in three months to the order of Wilmath. Armstrong's defense is that plaintiff is not a holder in due course because he took the notes after maturity; and hence that they are subject to certain equities between the original parties.

Armstrong testifies that on December 27, 1921, in Utica, he made and delivered to Wilmath two renewal notes, upon the promise of Wilmath to return to him the old notes; that on January 7 or 8, 1922, he went to Wilmath's office in Syracuse and asked him for the original notes which had not been returned; that at that time he saw the two original notes on the table and noticed that they were not then indorsed; that the two renewal notes were also there at that time. Just why the two original notes were not then returned to Armstrong does not appear. Armstrong further testifies that sometime later Wilmath came to Utica, returned all four notes to him, and that he thereupon in Wilmath's presence tore them up. The only corroboration of this story is afforded by the testimony of one Matteson, a friend of Armstrong, who testifies that he was with Armstrong at Wilmath's office on January 7 or 8, 1922, saw there the two original notes, and observed that there was no mark on the back of them.

Plaintiff produced and put in evidence the two original notes, each indorsed by Wilmath, with a waiver of protest. Plaintiff and his witness Silverman testified to the purchase of those notes from Wilmath on two separate days early in October, 1921, for $1,250 each. Plaintiff also produced and put in evidence his two canceled checks for $1,250 each, one dated October 5, 1921, the other dated October 7, 1921, drawn on an Auburn bank, indorsed by Wilmath and paid to his order through the clearing house October 8, 1921, and October 11, 1921, respectively.

There may, as defendant Armstrong suggests, have been some legerdemain connected with the apparent presence of the two original notes in Wilmath's office on January 7 or 8, 1922; but there is nothing to indicate that plaintiff knew of or had any connection with it. Plaintiff's testimony is so straight and without mark of suspicion and is so fortified by written evidence, as to remain untouched by the remote and improbable inference sought to be drawn from defendant's story.

The judgment and order should be reversed on the facts and

(because the testimony of Wilmath may now be available) a new trial granted, with costs to the appellant to abide the event.

Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ. All concur.

Judgment and order reversed on the facts and new trial granted, with costs to appellant to abide event.